IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY MILLER, #245426, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 2:10-CV-818-WC |
| | )                    [WO] |
| | ) |
| BOB RILEY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Upon the consent of the parties, this case has been reassigned to the undersigned Magistrate Judge as the presiding judge. Accordingly, it is ORDERED that the November 12, 2010, Recommendation of the Magistrate Judge (Doc. #14) is hereby VACATED and that this Memorandum Opinion and Order be entered on the docket.

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Stanley Miller ["Miller"], a state inmate, in which he challenges the constitutionality of the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended) ["the Act"], on a multitude of grounds. In his complaint, Miller seeks issuance of a preliminary injunction preventing further application and enforcement of the Act. *Plaintiff's Complaint - Court Doc. No. 1* at 14. The court therefore construes this request as a motion for preliminary injunction. On November 9, 2010, the defendants filed an answer and special report in opposition to the complaint and all relief requested therein.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Miller demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the

absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

The court has thoroughly reviewed the plaintiff's complaint and the response thereto filed by the defendants. Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Miller, at this stage of the proceedings, has failed to demonstrate a substantial likelihood of success on the merits of his claims. Miller also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third and fourth factors, balancing potential harm to the parties and the public interest element, weigh more heavily in favor of the defendants at this juncture. Thus, Miller has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## III.  CONCLUSION

Accordingly, it is ORDERED that the motion for preliminary injunction filed by the plaintiff is DENIED.

Done this 22nd day of December, 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE